IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY RICHARDSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:13-cv-02401-STA-dkv |
| THE VILLAGE AT GERMANTOWN | ) |
| Defendant. | ) |

SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Mary Richardson and brings this action against Defendant The Village at Germantown for declaratory and injunctive relief as well as to recover damages, costs, and attorney's fees under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"), and the common laws of the United States and the State of Tennessee.

**JURISDICTION, VENUE, AND PARTIES**

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. This is an action authorized by, and pursuant to, 42 U.S.C. § 2000e-5 and 29 U.S.C. § 626. Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to consider her state law claims because those claims are so related to her federal claims that they form part of the same case or controversy.

2. Plaintiff is an adult resident of Memphis, Shelby County, Tennessee.

1

3. From April of 2010 until February 2013, Plaintiff was employed by Defendant as a Dietary Server.

4. Defendant is a Tennessee corporation with principle offices at 80 Monroe Avenue, Suite 700, Memphis, Tennessee 38103. Defendant can be served with process through its registered agent, James B. McLaren, Jr., 80 Monroe Avenue, Suite 700, Memphis, Tennessee 38103.

5. Defendant is a resident of the judicial district of the United States District Court for the Western District of Tennessee, and the unlawful employment practices described herein were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division. As such, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

6. At all times relevant hereto, Defendant had at least two hundred (200) employees.

7. Plaintiff has complied with all conditions precedent to this action and has timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. On or about April 12, 2012, Plaintiff filed EEOC Charge for Discrimination number 490-2012-01402 ("First EEOC Charge"), alleging discrimination on the basis of race, age, and retaliation. A true and correct copy of the First EEOC Charge is attached hereto as Exhibit "A." The EEOC issued a Dismissal and Notice of Rights to Plaintiff on March 11, 2013. A true and correct copy of this Dismissal and Notice of Rights is attached hereto as Exhibit "B."

9. On or about June 10, 2013, Plaintiff filed EEOC Charge for Discrimination number 490-2013-01829 ("Second EEOC Charge"), alleging discrimination on the basis of race, age, and retaliation. A true and correct copy of the Second EEOC Charge is attached hereto as Exhibit "C." The EEOC issued a Dismissal and Notice of Rights to Plaintiff on January 17,

2014. A true and correct copy of this Dismissal and Notice of Rights is attached hereto as Exhibit "D."

## FACTUAL BACKGROUND

10. Defendant employed Plaintiff, an African American female, as a Dietary Server in April of 2010.

11. Plaintiff's supervisor, at all times relevant to this dispute, was Nancy Lawson. As Plaintiff's supervisor, Lawson had the power to hire, fire, promote, and demote (discipline) servers such as Plaintiff.

12. Initially, Plaintiff worked from 6:00 am until 2:30 pm.

13. Shortly after hiring Plaintiff, Defendant changed Plaintiff's work hours to 12:30 pm until 8:30 pm. At the time Defendant changed Plaintiff's work schedule, Defendant told Plaintiff that her schedule would be changed back to the 6:00 am until 2:30 pm shift.

14. Shortly after Plaintiff began working for Defendant, Lawson began making negative remarks about Plaintiff's age, specifically stating that Plaintiff was "too old and slow." Over time, Lawson and other of Defendant's managers and supervisors made these and similar statements with increasing frequency.

15. Plaintiff, and other of Defendant's employees, were frequently subjected to derogatory comments regarding their age and race, and Plaintiff was subjected to disparate treatment because of her race and age.

16. For example, Plaintiff was disciplined for allegedly speaking on her phone while on duty. Not only had Plaintiff not been speaking on her phone, but also white employees were permitted to take breaks to speak on their phones and smoke cigarettes without being disciplined. Plaintiff was also subjected to other disciplinary actions based on false accusations.

17. On December 30, 2010, Plaintiff hand-delivered a letter to Eddy Herbert (Executive Director), Kathy Kennedy (Director of Human Resources), Jesse Crittendon (Director of Dining), and other of Defendant's managers, supervisors, and agents in which Plaintiff stated that her supervisor told another employee that Plaintiff was "too old and slow."

18. In January or February of 2011, Plaintiff met with some of Defendant's agents and supervisors to discuss the discriminatory and hostile manner in which Plaintiff had been treated.

19. Despite promises made by Defendant's agents to address Plaintiff's concerns, Plaintiff continued to be subjected to discriminatory and hostile treatment.

20. On September 15, 2011, Plaintiff again complained about the hostile and discriminatory conduct to Herbert, Kennedy, and Crittendon.

21. Plaintiff met with several of Defendant's managers and supervisors during the fall of 2011. Following one of these meetings, Kennedy told Plaintiff that there had been other complaints regarding Lawson's discriminatory and hostile behavior and recommended that Plaintiff keep notes regarding the discriminatory and hostile treatment.

22. Despite Plaintiff's having brought the hostile and discriminatory conduct to the attention of Defendant's management team, and despite Kennedy's acknowledgement of other complaints regarding the same type of illegal and discriminatory conduct, Lawson and others continued to harass and demean Plaintiff.

23. In late 2011 or early 2012, Plaintiff twice sought promotions to open server positions that would have allowed her to resume her original work schedule. Plaintiff was qualified for these open positions and requested that Lawson promote Plaintiff to the open positions.

24. Lawson rejected Plaintiff's applications, telling Plaintiff that Defendant intended to fill the position with someone younger than Plaintiff (who was born June 27, 1951) and who was white.

25. In both of the above-referenced instances, Lawson filled the positions with white employees who were substantially younger than Plaintiff, but no more qualified for the open positions.

26. On April 12, 2012, Plaintiff filed the First EEOC Charge, alleging retaliation and discrimination based on her age and race.

27. On July 29, 2012, Plaintiff sustained an on-the-job injury and was unable to return to work until January of 2013.

28. Upon Plaintiff's return to work, her hours were reduced and, over the next few weeks, Plaintiff's hours were reduced to zero. On February 10, 2013, Plaintiff was sent home by Lawson and was told that she had not been scheduled for further work.

29. On February 28, 2013, Plaintiff received correspondence from Mark Renick, Defendant's Director of Human Resources, accusing Plaintiff of failing to show up for work and terminating her employment. As noted above, however, Plaintiff had been told by her direct supervisor, Lawson, that she was not scheduled for work until further notice. As such, Renick's purported grounds for terminating Plaintiff were nothing more than a pretext for her discriminatory and retaliatory discharge.

30. Defendant's reduction of Plaintiff's hours and subsequent termination of Plaintiff's employment were without just cause and were motivated by Defendant's discriminatory animus in connection with Plaintiff's age and race.

31. In addition, Defendant's reduction of Plaintiff's hours and subsequent termination of Plaintiff's employment were undertaken in retaliation for Plaintiff's having filed the First EEOC Charge.

32. At the time Defendant took the above-referenced discriminatory actions, Plaintiff was qualified for her position and ready and willing to continue her employment.

## COUNT I – EMPLOYMENT DISCRIMINATION

33. Plaintiff incorporates by reference all allegations of the preceding paragraphs 1-32 of this Amended Complaint as though fully set forth herein.

34. As an African-American female born in 1951, Plaintiff was, and is, in classes of persons protected by Title VII and the THRA from employment discrimination.

35. Plaintiff was denied promotions to positions for which she was as qualified, if not more qualified, than the individuals who received the promotions, both of whom are white and younger than Plaintiff.

36. Plaintiff was denied these promotions because of Defendant's animus towards Plaintiff on the basis of her race and/or age and/or because Plaintiff complained to her superiors of the discriminatory and hostile manner in which she had been treated by Defendant and its agents.

37. In addition, Defendant terminated Plaintiff on the basis of her race and/or age and/or because Plaintiff complained to her superiors of the discriminatory and hostile manner in which she had been treated by Defendant and its agents and/or because she filed her First EEOC Charge.

38. Defendant, through its agents and employees, acted with malice and/or reckless indifference to the legally protected rights of Plaintiff.

39. By subjecting Plaintiff to disparate treatment on the basis of her race and/or age and/or in retaliation for Plaintiff's complaints regarding the discriminatory manner in which she had been treated and/or for filing the First EEOC Charge, Defendant violated Title VII and the THRA.

40. As a direct and proximate result of Defendant's violations of Title VII and the THRA, Plaintiff has suffered, and continues to suffer, considerable injuries, including, but not limited to, loss of past, present and future earnings, mental distress, humiliation, and embarrassment.

## COUNT II – HOSTILE WORK ENVIRONMENT

41. Plaintiff incorporates by reference all allegations of the preceding paragraphs 1-40 of this Amended Complaint as though fully set forth herein.

42. Plaintiff was subjected to hostility and harassment based on her race, age, and her having complained of the hostile and discriminatory manner in which she had been treated. This hostility and harassment included, but was not limited to, derogatory comments directed toward Plaintiff, false accusations of employment misconduct, denial of promotions, and wrongful termination.

43. The above-described harassment was sufficiently severe or pervasive as to adversely alter the terms and conditions of Plaintiff's employment, creating a hostile and abusive working environment.

44. Defendant subjected Plaintiff to the above-described harassment because of her age and race and because she complained of the hostile and discriminatory manner in which she had been treated and/or because she filed her First EEOC Complaint.

45. At all times relevant to this lawsuit, Defendant was liable and responsible for the actions of its agents and employees, which actions constituted the above-described harassment.

46. Defendant, through its agents and employees acting within the apparent scope of their authority as Plaintiff's supervisors, acted with malice and/or reckless indifference to the legally protected rights of Plaintiff.

47. By subjecting Plaintiff to the above-described harassment, Defendant violated Title VII and the THRA.

48. As a direct and proximate result of Defendant's violations of Title VII and the THRA, Plaintiff has suffered, and continues to suffer, considerable injuries, including but not limited to, loss of past, present, and future earnings, mental distress, humiliation, and embarrassment.

## COUNT III - RETALIATION

49. Plaintiff incorporates herein by reference all allegations of the preceding paragraphs 1-48 of this Amended Complaint as though fully set forth herein.

50. By complaining of the harassment, hostility, and disparate treatment described herein, including but not limited to, filing charges with the EEOC, Plaintiff engaged in activity protected by Title VII and the THRA.

51. By all of the above-stated misconduct, Defendant retaliated against Plaintiff in violation of Title VII and the THRA.

52. Defendant, through its agents and employees acting within the apparent scope of their authority as Plaintiff's supervisors, acted with malice and/or reckless indifference to the legally protected rights of Plaintiff.

53. As a direct and proximate result of Defendant's violations of Title VII of the THRA, Plaintiff has suffered, and continues to suffer, considerable injuries, including but not limited to, loss of past, present, and future earnings, mental distress, humiliation, and embarrassment.

## COUNT IV – NEGLIGENT SUPERVISION

54. Plaintiff incorporates by reference all allegations of the preceding paragraphs 1-53 of this Amended Complaint as though fully set forth herein.

55. As Plaintiff's employer, Defendant had a duty to Plaintiff to ensure that its workplace was free from discrimination, harassment, hostility, and disparate treatment and from other threatening, humiliating, and inappropriate conduct, including retaliatory conduct.

56. Defendant negligently failed to supervise its supervisors and employees regarding proper conduct and behavior in the workplace so as to avoid the harassment, hostility, and disparate treatment to which Plaintiff was subjected.

57. Defendant, through its agents and employees, acted with malice and/or reckless indifference to the legally protected rights of Plaintiff.

58. As a direct and proximate result of this negligent conduct, Plaintiff has suffered, and continues to suffer, considerable injuries, including but not limited to, loss of past, present, and future earnings, mental distress, humiliation, and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a jury hear this case and, upon a hearing and verdict thereon, prays for the following relief:

A. Declare that Defendant's actions constitute unlawful employment discrimination in violation of Title VII and the THRA;

B. Grant a permanent injunction enjoining Defendant from engaging in any employment practice that discriminates on the bases of race, age, and/or retaliation;

C. Order Defendant to make Plaintiff whole by providing appropriate back pay and front pay with pre-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial;

E. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay Plaintiff punitive damages for its intentional, malicious, and/or reckless conduct, in an amount to be determined at trial;

G. Award Plaintiff pre-judgment and post-judgment interest on all amounts awarded herein;

H. Grant such other and further legal and equitable relief as the Court deems necessary and proper; and,

I. Award Plaintiff her costs incurred in bringing this action including, but not limited to, her reasonable attorney's fees pursuant to Title VII, the THRA, and as otherwise allowed.

## **JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all questions of fact raised by this Amended Complaint.

        Respectfully submitted,
        GLANKLER BROWN, PLLC

        By:  s/Michael D. Tauer
            Saul C. Belz (#4346)
            Michael D. Tauer (#025092)
        6000 Poplar Avenue, Suite 600
        Memphis, Tennessee 38103
        Telephone: (901) 525-1322
        Facsimile: (901) 525-2389
        Email: sbelz@glankler.com
        Email: mtauer@glankler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 11, 2014, the foregoing was electronically filed with the Clerk of Court by use of the CM/ECF system, which will send a notice of electronic filing to all parties receiving electronic notice.

        s/Michael D. Tauer

4819-1204-4824, v. 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 490-2012-01402 |

Tennessee Human Rights Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Mary A. Richardson | (901) 752-2530 | 06-27-1951 |

Street Address: 4757 Chuck Avenue, Memphis, TN 38118

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| THE VILLAGE AT GERMANTOWN | 201 - 500 | (901) 752-2530 |

Street Address: 7820 Walking Horse Circle, Germantown, TN 38138

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-15-2011    Latest: 03-22-2012
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the above named employer in April 2010 as a Dietary Server. Nancy Lawson, Supervisor of the Dietary Department has continuously made negative remarks regarding my age. More specifically she told me that I was too old and slow. On September 15, 2011, I complained to Eddie Herbert and Kathy Kennedy in Human Resources and Jesse Crittendon, Director of Dinning regarding the age related comments made by Nancy Lawson however she continued to harass me. In addition, I sought a promotion for an open Server position for the 6:30 a.m to 3:30 p.m shift however Nancy Lawson stated that the Board wanted a younger, White person for the position and I was not selected although I was better qualified. Further, my hour were cut because I complained regarding the harassment and there were no other employees whose hours were cut. I also received excellent evaluations during my employment.

I believe that I have been discriminated against because of race, Black, age 60 and in retaliation for having complained of age harassment in violation of Title VII of the Civil Rights Act of 1964 and the ADEA

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Apr 12, 2012
Date    Charging Party Signature

NOTARY -- When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
Mary Richardson

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
4/12/2012

EXHIBIT A

EEOC Form 161 (11/09)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Mary A. Richardson  
4757 Chuck Avenue  
Memphis, TN 38118

From: Memphis District Office  
1407 Union Avenue  
Suite 901  
Memphis, TN 38104

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2012-01402 | Timothy Williams, Investigator | (901) 544-0156 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Katharine W. Kores,  
Director

MAR 11 2013  
(Date Mailed)

Enclosures(s)

Mark Renick  
Director of Human Resources  
The Village at Germantown  
7820 Walking Horse Circle  
Germantown, Tennessee 38138

EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 490-2013-01829 |

Tennessee Human Rights Commission and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Mary A. Richardson | (901) 275-1910 | 06-27-1951 |

Street Address: 4757 Chuck Ave., Memphis, TN 38118

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| THE VILLAGE AT GERMANTOWN | 15 - 100 | (901) 752-2500 |

Street Address: 7820 Walking Horse Circle, Germantown, TN 38138

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-15-2013   Latest: 02-10-2013
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I filed a previous charge of discrimination (EEOC Charge No.: 490-2012-01402) on April 12, 2012, alleging race, Black and age discrimination.

I was off work due to worker's compensation because a work related injury from July 2012 to mid January 2013. When I returned to work in January 2013, I was given lesser working hours. Approximately 3 weeks after I returned to work, I was sent home on February 10, 2013 and I have not been allowed to return to work.

I believe that I have been retaliated against for filing a previous charge of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended and my age in violation of the Age Discrimination in Employment Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

[RECEIVED JUN 10 2013 EQUAL EMPLOYMENT OPPORTUNITY COMM. MEMPHIS, TENN.]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
X Mary Richardson

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
Jun 10, 2013, G. Allen Hammond

EXHIBIT C

EEOC Form 161-B (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Mary A. Richardson<br>4757 Chuck Ave.<br>Memphis, TN 38118 | From: | Memphis District Office<br>1407 Union Avenue<br>Suite 901<br>Memphis, TN 38104 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2013-01829 | Patricia A. Alexander, Investigator | (901) 544-0076 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Enclosures(s)      Katharine W. Kores,        1/17/2014
                   Director                   (Date Mailed)

cc:
Jonathan C. Hancock
Attorney/Village at Germantown
BAKER DONELSON
165 Madison Ave., Suite 2000
Memphis, TN 38103

Brandon Pettes, Attorney
Glankler Brown PPLC
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

EXHIBIT D